CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
MAR 3 1 2006
JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| GARY W. CONNER, | ) |
| | ) Civil Action No. 7:05CV00393 |
| Plaintiff, | ) |
| | ) |
| v. | ) **MEMORANDUM OPINION** |
| | ) |
| JO ANNE B. BARNHART, | ) |
| Commissioner of Social Security, | ) By: Honorable Glen E. Conrad |
| | ) United States District Judge |
| Defendant. | ) |

Plaintiff has filed this action challenging the final decision of the Commissioner of Social Security denying plaintiff's claim for supplemental security income benefits under the Social Security Act, as amended, 42 U.S.C. § 1381 et seq. Jurisdiction of this court is pursuant to 42 U.S.C. § 1383(c)(3), which incorporates § 205(g) of the Social Security Act, 42 U.S.C. § 405(g). This court's review is limited to a determination as to whether there is substantial evidence to support the Commissioner's conclusion that plaintiff failed to meet the conditions for entitlement established by and pursuant to the Act. If such substantial evidence exists, the final decision of the Commissioner must be affirmed. Laws v. Celebrezze, 368 F.2d 640 (4th Cir. 1966). Stated briefly, substantial evidence has been defined as such relevant evidence, considering the record as a whole, as might be found adequate to support a conclusion by a reasonable mind. Richardson v. Perales, 402 U.S. 389, 401 (1971).

The plaintiff, Gary W. Conner, was born on December 22, 1955, and eventually completed the eleventh grade in school. Mr. Conner has worked as an asphalt roller operator and furniture mover. He last worked on a regular and sustained basis in 2001. On April 11, 2003, plaintiff filed application for supplemental security income benefits. Mr. Conner alleged that he became disabled for all forms of substantial gainful employment on March 5, 2003, due to a broken hip and surgical residuals. Plaintiff now maintains that he has remained disabled to the present time.

Mr. Conner's claim was denied upon initial consideration and reconsideration. He then requested and received a de novo hearing and review before an Administrative Law Judge. In an opinion dated June 30, 2004, the Law Judge also determined that plaintiff is not disabled. The Law Judge found that Mr. Conner suffers from residuals of a left hip fracture and bursitis. Because of these problems, the Law Judge ruled that plaintiff is disabled for all of his past relevant work roles. However, the Law Judge found that Mr. Conner retains sufficient functional capacity for a limited range of sedentary exertion. Given such a residual functional capacity, and after considering Mr. Conner's age, education and prior work experience, as well as testimony from a vocational expert, the Law Judge determined that plaintiff possesses sufficient functional capacity to perform several specific sedentary work roles which exist in significant number in the national economy. Accordingly, the Law Judge ultimately concluded that Mr. Conner is not disabled, and that he is not entitled to supplemental security income benefits.

Mr. Conner sought review of the Administrative Law Judge's opinion by the Social Security Administration's Appeals Council. In connection with his request for review, plaintiff submitted additional medical evidence. Indeed, based on motions filed in this court, it now appears that Mr. Conner's attorney had attempted to submit these new medical reports to the Administrative Law Judge prior to the issuance of the Law Judge's opinion. However, for whatever reason, the Law Judge either did not receive or did not consider the new medical reports. Despite the new evidence, the Appeals Council adopted the Law Judge's opinion as the final decision of the Commissioner. Having exhausted all available administrative remedies, Mr. Conner has now appealed to this court.

While plaintiff may be disabled for certain forms of employment, the crucial factual determination is whether plaintiff was disabled for all forms of substantial gainful employment. See 42 U.S.C. § 1382c(a). There are four elements of proof which must be considered in making such an

analysis. These elements are summarized as follows: (1) objective medical facts and clinical findings; (2) the opinions and conclusions of treating physicians; (3) subjective evidence of physical manifestations of impairments, as described through a claimant's testimony; and (4) the claimant's education, vocational history, residual skills, and age. Vitek v. Finch, 438 F.2d 1157, 1159-60 (4th Cir. 1971); Underwood v. Ribicoff, 298 F.2d 850, 851 (4th Cir. 1962).

After a review of the record in this case, the court must conclude that the Commissioner's final decision is supported by substantial evidence. Mr. Conner suffers from significant residual limitations as a result of a broken hip. In questioning a vocational expert, the Administrative Law Judge adopted the findings from a physical capacities evaluation submitted by plaintiff's treating orthopedic surgeon. Even considering the significant physical limitations described by the surgeon, the vocational expert identified several specific sedentary work roles which plaintiff could be expected to perform. The court believes that the Administrative Law Judge properly relied on the testimony of the vocational expert in concluding that Mr. Conner retains the physical capacity to perform several particular work roles which permit a sit/stand option. It follows that the Law Judge's opinion denying benefits is supported by substantial evidence.

Mr. Conner suffered a fractured left hip on March 7, 2003 when he fell down a flight of stairs. He underwent placement of a pin to stabilize his hip joint. However, the hip pinning failed, and Mr. Conner underwent a bipolar hemiarthroplasty on April 3, 2003. Mr. Conner continued to experience pain. On August 4, 2003, the treating surgeon reported that plaintiff was still unable to return to work.

On December 30, 2003, plaintiff was treated by Dr. Thomas E. Shuler for severe trochanteric bursitis and local chronic pain syndrome. Dr. Shuler administered a cortisone injection. However, Mr. Conner continued to complain of constant pain in the left hip. Dr. Shuler saw plaintiff on a second occasion on February 16, 2004.

3

Case 7:05-cv-00393-GEC   Document 21   Filed 03/31/06   Page 3 of 7   Pageid#: 88

On April 2, 2004, Dr. Shuler completed a medical assessment of plaintiff's physical ability for work-related activities. Dr. Shuler indicated that Mr. Conner could be expected to stand/walk and sit for a total of 4 hours each in an eight hour day, and that he could remain in one position without interruption for one hour. Dr. Shuler also indicated that Mr. Conner experiences restrictions in his capacity to work around moving machinery or heights.

At the administrative hearing, Mr. Conner testified to the effect that he experiences disabling pain in his left hip and left shoulder. He is unable to stand or sit for any prolonged period of time. Mr. Conner estimated that he can sit for about 30 minutes before finding it necessary to stand. (TR 221). He uses a cane to assist in ambulation. (TR 221). He has been unable to afford appropriate medication or physical therapy. Mr. Conner's daily activities are greatly limited. (TR 226-27).

Jean Hambrick testified at the administrative hearing as a vocational expert. When asked to assume that plaintiff is capable of performing a full range of light work, the vocational expert indicated that plaintiff could return to his past job as an asphalt roller operator. However, when presented with a hypothetical question including the physical limitations identified by Dr. Shuler, the vocational expert opined that plaintiff could only be expected to perform several sedentary jobs as a cashier or bench assembler. When asked to assume that Mr. Conner is unable to concentrate for more than about an hour at a time because of chronic pain, the vocational expert indicated that Mr. Conner would be unable to perform any job in the national economy.

Given the record considered by the Administrative Law Judge, the court must conclude that there is substantial evidence to support the finding that Mr. Conner could be expected to perform certain sedentary work roles which permit a sit/stand option. Such a finding is totally consistent with the physical capacities evaluation completed by Dr. Shuler on April 2, 2004. The Law Judge clearly tracked Dr. Shuler's findings in one of the hypothetical questions put to the vocational expert. In

4

response, the vocational expert identified certain sedentary jobs which are within Mr. Conner's residual functional capacity. It follows that the Law Judge's disposition in this case is supported by the evidence of record.

On appeal to this court, plaintiff argues that his case should be remanded to the Law Judge for consideration of new reports from Dr. Shuler. It seems that at the administrative hearing, plaintiff's attorney obtained leave from the Law Judge to submit new medical reports. Shortly after the administrative hearing, the attorney forwarded to the Law Judge a new residual functional capacity questionnaire completed by Dr. Shuler on June 1, 2004. However, the Law Judge issued his decision on June 30, 2004 without making reference to Dr. Shuler's new questionnaire. The attorney resubmitted the questionnaire, as well as new reports from Dr. Shuler reflecting treatment for knee problems, to the Social Security Administration's Appeals Council in connection with Mr. Conner's request for review. However, as noted above, the Appeals Council adopted the Law Judge's opinion as the final decision of the Commissioner, despite the new reports from Dr. Shuler. The new residual functional capacity questionnaire from Dr. Shuler clearly indicates much more severe physical restrictions than were noted by the physician in the earlier questionnaire. Mr. Conner argues that his case should be remanded so that the later questionnaire can be considered by the Administrative Law Judge.

It is true that this court has held that it is often necessary to remand a case to the Commissioner for further consideration when the Appeals Council fails to give reasons for concluding that new evidence submitted directly to the Appeals Council is not such as to justify a change in the Law Judge's decision. See Alexander v. Apfel, 14 F.Supp. 2d 839, 843 (W.D. Va. 1998). In the instant case, the Appeals Council gave no reason for concluding that Dr. Shuler's questionnaire was not such as to justify further consideration by the Law Judge. However, in Alexander, the court also noted that

remand is unnecessary when it is clear upon review of such "interim" evidence that the Commissioner's underlying decision is, or is not, supported by substantial evidence. 14 F.Supp. 2d at 844, n.3.

In the instant case, the court does not believe that the new medical evidence from Dr. Shuler is such as to require additional consideration by the Law Judge. In the second questionnaire, Dr. Shuler notes much more severe restrictions and limitations than were described in the earlier questionnaire. Indeed, Dr. Shuler opines that Mr. Conner suffers from a listed impairment under Appendix I to Subpart P of the Administrative Regulations Part 404.[1] However, the second questionnaire was completed less than two months after the first. There is no indication that Dr. Shuler saw Mr. Conner during the intervening period, nor is there any indication that plaintiff's condition had appreciably worsened. Simply stated, there is no explanation for Dr. Shuler's finding of much more serious limitations immediately following the administrative hearing than were found shortly before the administrative hearing. In such circumstances, the court does not believe that there is any reasonable basis upon which to conclude that the Administrative Law Judge would have considered this case differently had Dr. Shuler's second questionnaire been available for consideration. See Borders v. Heckler, 777 F.2d 954, 955 (4th Cir. 1985). In a case such as this, plaintiff's proper course is to file a new application for supplemental security income benefits.

In affirming the final decision of the Commissioner, the court does not suggest that Mr. Conner is free of pain and discomfort. Indeed, it is undisputed that Mr. Conner suffers from residuals of a serious hip injury which limit him to only a limited range of sedentary exertion. On the other hand, the doctor who has most recently seen Mr. Conner clearly found that plaintiff retains a level of residual

---

[1] If a claimant suffers from a listed impairment, the claimant is deemed to be disabled for all forms of work activity without consideration of factors such as age, education, and prior work experience. See 20 C.F.R. § 416.920(d).

functional capacity which the vocational expert considered to be sufficient to permit performance of regular work tasks. It must be recognized that the inability to do work without any subjective discomfort does not of itself render a claimant totally disabled. Craig v. Chater, 76 F.3d 585, 594-95 (4th Cir. 1996). Once again, it appears to the court that the Law Judge considered all of the subjective factors reasonably supported by the medical record before him in adjudicating plaintiff's claim for benefits. Indeed, the Law Judge clearly accepted the notion that Mr. Conner is limited to the performance of jobs which permit a sit/stand option. It follows that all facets of the Commissioner's final decision are supported by substantial evidence.

As a general rule, resolution of conflicts in the evidence is a matter within the province of the Commissioner even if the court might resolve the conflicts differently. Richardson v. Perales, supra; Oppenheim v. Finch, 495 F.2d 396 (4th Cir. 1974). For the reasons stated, the court finds the Commissioner's resolution of the pertinent conflicts in the record in this case to be supported by substantial evidence. Accordingly, the final decision of the Commissioner must be affirmed. Laws v. Celebrezze, supra. An appropriate judgment and order will be entered this day.

The clerk is directed to send certified copies of this opinion to all counsel of record.

ENTER: This 31st day of March, 2006.

_____
United States District Judge